JOSEPH B. PHILSON, AS EXECUTOR, &c., OF CATHARINE MOORE, DECEASED, RESPONDENT, v. JAMES MOORE AND OTHERS, APPELLANTS.

*Will—effect of a sale by the testator of real estate specifically devised—a bequest to a charitable association is good, if it be incorporated before the money is payable.*

Where a testatrix, after making a will, devising certain specific parcels of real estate, then owned by her, to her executors, upon certain trusts therein declared, and for the payment of certain legacies, sells a portion of the said real estate, and converts the proceeds thereof into personal property, such acts amount to a partial ademption of the devise, and the court has no power to substitute the personal property for the real estate devised for the payment of the legacies.

Where a devise is made to a charitable incorporation, authorized to take it, in trust for an association, then unincorporated, it is sufficient if the latter be incorporated before the money becomes payable, although it was an unincorporated voluntary association only, at the time of the testator's death.

APPEAL from a judgment entered upon the trial of this action by the court at Special Term.

The action was brought to obtain a judicial construction of the will of one Catharine Moore, who died on January 11, 1879. Her will, which was dated July 7, 1869, provided, among other things:

"I give and devise to my executors hereinafter nominated and appointed all *those certain lots, pieces or parcels of land, situated* and described as follows, to wit: [then follows the description of three parcels of real estate.]

"And also any and all other real estate, wherever the same may be situated, of which I may be the owner at the time of my death, together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof. To have and to hold the same in trust, and for the trusts, uses, and purposes hereinafter particularly mentioned, hereby giving and granting full power and authority to my said executors, or their survivors or survivor, to sell the said real estate, or any part or parts thereof, at public auction or private sale, and at such time and place, or times and places, and upon such terms

as they shall deem expedient. And I direct that, in case of the sale of said real estate, or any part thereof, during the lifetime of my husband James Moore, they, my said executors, shall invest the proceeds of such sale or sales upon good and sufficient securities, and use and apply the income thereof as hereinafter provided. And the trusts, uses, and purposes for and upon which I give and devise the said real estate to my said executors are as follows: [To apply the rents and profits thereof to the use of her husband during his life.] . . . *Second.* Upon the death of my said husband, my said executors shall sell and dispose of the said real estate, or so much thereof as shall not have been already sold, and shall convert the same, and any and all other property or securities which they may hold, into money, and use and apply and pay the same as follows: [To the payment of certain specific legacies.] . . . 11th. The rest, residue, and remainder thereof, and the rest, residue, and remainder of any and all property which may remain in the hands of my said executors after the payments and investments as hereinbefore directed, they, my said executors, shall pay to the said American Tract Society, to be applied to the charitable uses and purposes of said society." . . . .

December 18, 1878, she executed a codicil by which she revoked some of the bequests contained in her will, and made others; and directed that "*Ninth.* The rest, residue and remainder thereof, and the rest, residue and remainder of any and all property which may remain in the hands of my said executors after the payments and investments as hereinbefore directed, they, my said executors, shall pay to the Board of Foreign Missions of the Presbyterian Church in the United States of America, to be held by them in trust for the Home and Foreign Missionary Society of the Presbyterian Church in the city of Brooklyn, and to be used in promoting the cause of Foreign Missions."

The Board of Foreign Missions was duly incorporated before the testatrix's death. The Home and Foreign Missionary Society was at the time of her death a voluntary association, but thereafter, and before the death of the husband, was incorporated. After the making of the will, the testatrix sold one of the pieces of real estate, specifically devised, and invested the proceeds in personal prop-

erty. At the time of her death, the real estate remaining unsold, was of but little value, and entirely insufficient for the payment of the legacies. The court held that none of the legacies were payable until the death of her husband, and then only out of the proceeds of the said real estate.

*Williamson, Reynolds & Heinrichs,* for James Moore, appellant.

*Samuel St. J. McCutchen,* for the appellants, the infant defendants, Peebles.

*C. E. Tracy,* for the American Bible Society, appellant.

*C. B. Alexander,* for the Trustees of Princeton Seminary, and the Presbyterian Board of Relief.

*Jos. A. Burr, Jr.,* for the respondent.

BARNARD, P. J.:

By the terms of the will it is plain that only the land was devised in trust, which testatrix then owned. The words are exclusive in their nature. The devise is of " all those certain three lots, pieces or parcels of land, situate and described as follows, to wit."

The accurate description is given by metes and bounds in the will, of the subject of the devise. The provision for the sale of the lands by the executors during the life of testatrix's husband, James Moore, who had the life estate in the trust fund, and the investment of the proceeds, explains the use of language as to the estate after the husband's death. The "any and all other property or securities which they may hold " could include no other property than the real estate unsold, and the proceeds of such real estate as had been sold by the executors, and which they were directed to invest.

The codicil makes no change in the will. By it the testatrix revoked certain legacies given by the will, and inserted others. After making all the changes the codicil proceeds to bequeath :

."The rest, residue and remainder of any and all property which may remain in the hands of my said executor."

These words do not import that any other property shall be the subject of the bequest than the land devised by the will, and the proceeds of the land sold as therein provided. By the word "thereof" is meant the land or such part as is unsold, and the following words refer to the proceeds of the lands so sold.

The design of the testatrix is clear under the proven facts.

At the time the will was made the testatrix only owned the lands devised in the will. She, before her death, sold a large portion of the lands, and the proceeds became personal estate.

The law is well settled that if a testatrix devise real estate, and sell the same before the will takes effect, the proceeds of the will become personal estate, and no court can substitute the money received by testatrix for the land devised. (*Beck* v. *McGillis*, 9 Barb., 35; *Vandemark* v. *Vandemark*, 26 Id., 416; *McNaughton* v. *McNaughton*, 34 N. Y., 201.) If this be the correct view of the meaning of the will and codicil, none of the legacies are payable until after James Moore's death.

I think the bequest to the Board of Foreign Missions, in trust for the Home and Foreign Mission Society of Brooklyn, good. The life estate was good in all the lands in the testatrix's husband for his life. When the remainder became payable there was a good and valid corporation to take the bequest of the remainder. It is like a bequest to an unborn child. Such child will take, if in being at the time for the distribution.

Judgment affirmed, with costs to respondent out of trust estate.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Judgment affirmed, with costs to the respondent, the executor, out of the estate.